HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ESTATE OF CLARENCE JESS GROESBECK, *et al.*,

    Defendants.

Case No. 2:16-cv-01985-RAJ

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

This matter is before the Court on the United States' motion for entry of default judgment. Dkt. # 53. For the reasons below, the motion is **GRANTED**.

## II. BACKGROUND

The United States seeks to collect outstanding federal income tax assessments against Clarence Jess Groesbeck and in the process foreclose on related federal tax liens against three parcels of property in Skagit County, Washington (collectively, the "Subject Properties") belonging to Groesbeck. Dkt. # 1. The United States has assessed Groesbeck with income tax liabilities for the 1998 through 2003 tax years. *Id.* Because Groesbeck passed away in 2009, the Estate of Clarence Jess Groesbeck ("Groesbeck Estate") is responsible for these liabilities. *Id.*

The complaint alleges that Groesbeck participated in an abusive trust scheme with the intent to avoid paying federal tax. *Id.*, ¶ 28. He is alleged to have placed untaxed funds

ORDER – 1

from his wholly owned corporation's profit sharing plan into offshore trusts and bank accounts, and then used the mortgages on his properties in the western United States to repatriate these funds, free of tax. *Id.* Groesbeck did not report this income on his federal tax returns and fraudulently computed the income he did report. *Id.* With respect to the 1998, 2000, 2001, 2002, and 2003 tax years, the IRS has assessed Groesbeck civil fraud penalties totaling $4,947,779.33. *Id.*, ¶¶ 27, 28. Despite timely notice and demand for payment, Groesbeck neglected or refused to pay the full assessments, which remain outstanding. *Id.*, ¶ 30. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States and attached to Groesbeck's property and rights to property, including the Subject Properties. *Id.*, ¶ 31.

The Subject Properties are continuous parcels of property located at "1224 East Blackburn Road, Mt. Vernon, Washington 98274" ("1224 East Blackburn"); "1418 East Blackburn Road, Mt. Vernon, Washington 98274" ("1418 East Blackburn"); and "1308 East Blackburn Road, Mt. Vernon, Washington 98274" ("1308 East Blackburn"). *Id.*, ¶¶ 11, 16, 22. The complaint alleges that Groesbeck owned, and now the Groesbeck Estate owns, the Subject Properties through the C. Jess Groesbeck M.D., A.P.C., Profit Sharing Plan ("Profit Sharing Plan"); the Groesbeck Family Trust ("Family Trust"); and Genesis Ltd. *Id.*, ¶¶ 12-24. Multiple transfers of the Subject Properties between Clarence Groesbeck and the entities involved no consideration or, in one case, $1. *Id.*, ¶¶ 12-14, 17-20, 23-24. Since at least 2000, none of the entities has paid any expenses associated with the Subject Properties. Dkt. # 53-3, ¶ 14. Rather, Groesbeck and, following his death, his surviving spouse, Silvia Lee, exercised active and substantial control over the Subject Properties. *Id.*, ¶¶ 5-10. For example, they rented out one of the properties for their own benefit and have allowed family members to live at one of the Subject Properties. *Id.*, ¶¶ 5-6. They also maintaining the Subject Properties and paid all mortgages, utility bills, and other bills associated with them. *Id.*, ¶¶ 5-10.

The United States named the Profit Sharing Plan, the Family Trust, Genesis Ltd,

ORDER – 2

and Silvia Lee as defendants in this lawsuit because they may claim an interest in at least one of the Subject Properties under 26 U.S.C. § 7403(b). Dkt. # 1. On January 11, 2017, the United States served the summons and Complaint on the Profit Sharing Plan, the Family Trust, and Genesis Ltd. *See* Dkt. ## 9-11. Neither the Profit Sharing Plan, the Family Trust, nor Genesis Ltd. appeared or pleaded by the date required, November 13, 2017, or at any other point. Accordingly, on March 8, 2018, the United States requested entry of default against these entities. Dkt. # 29. On March 15, 2018, the clerk entered default against the Profit Sharing Plan, Family Trust, and Genesis Ltd. Dkt. # 30. On August 12, 2019, the United States moved for entry of default judgment. Dkt. # 53. Concurrently, with the motion for entry of default judgment, the United States, the Groesbeck Estate, and Silvia Lee filed a stipulation in which the Groesbeck Estate and Silvia Lee concede that (i) the Groesbeck Estate is liable for the federal tax assessments against Clarence Groesbeck for the 1998 through 2003 years; (ii) the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Clarence Groesbeck and the Groesbeck Estate; and (iii) Clarence Groesbeck fraudulently transferred title to 1224 East Blackburn and 1308 East Blackburn to his nominees. Dkt. # 54.

### III. LEGAL STANDARD

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir.1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Although the entry of default judgment under Rule 55(b) is "an extreme measure," disfavored cases should be decided upon their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits the court to enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving the court for default

ORDER – 3

judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412 (W.D. Wash. 2014). In determining damages, a court can rely on the declarations submitted by the plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Where there is evidence establishing a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Since deciding for or against default judgment is within the court's discretion, a defendant's default does not de facto entitle a plaintiff to a court-ordered judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1210–11 (W.D. Wash. 2014).

## IV. DISCUSSION

In exercising its discretion, the Court considers the "*Eitel*" factors: (1) the substantive merits of plaintiff's claims, (2) the sufficiency of the claims raised in the complaint, (3) the possibility of prejudice to the plaintiff if relief is denied, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

As discussed below, the Court has considered each of the *Eitel* factors and finds they weigh in favor of granting default judgment.

### A. Merits of the Claims, Sufficiency of the Complaint, and Prejudice

The substantive merits of the claims and the sufficiency of the complaint are often analyzed together. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1210–11 (W.D. Wash. 2014). Additionally, while prejudice to the plaintiff is a factor to be analyzed

ORDER – 4

independently under *Eitel*, it is discussed in this section because recourse flows from the United States' ability to demonstrate merit to its claims. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d at 1048 (explaining that plaintiff "would be without other recourse for recovery" to which it is entitled). Here, the United States seeks a determination that, because the Profit Sharing Plan, Family Trust, and Genesis Ltd. are nominees of Clarence Groesbeck and/or holds title to a property at issue in this action through a fraudulent transfer, each has no interest in any such property. As discussed below, the Court finds that the United States has invoked a cognizable legal theory and alleges sufficient facts for the Court to conclude it is entitled to relief.

The IRS has broad powers to impose federal tax liens under 26 U.S.C. § 6321. Section 6321 provides that a lien may be imposed "upon all property and rights to property . . . belonging to" a taxpayer who has failed to pay taxes owed after assessment and demand. Section 6321 has been interpreted to apply to all property of a taxpayer, including property that is held by a third party as the taxpayer's nominee or alter ego. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350–51(1977); *Fourth Inv. LP v. United States*, 720 F.3d 1058, 1067 (9th Cir. 2013). On the whole, the nominee theory focuses on the relationship between the taxpayer and the property. *See Sharp Mgmt., LLC v. United States*, 2007 WL 1367698, at *3 (W.D. Wash. May 8, 2007). Typically, the court would ordinarily turn to the law of the forum state in order to determine a taxpayer's nominee; it appears, however, that no Washington court has addressed nominee liability. *See id.* Accordingly, the court considers factors relied upon by other courts in the Ninth Circuit, including the following:
> (1) no consideration or inadequate consideration paid by the nominee; (2) property placed in the name of nominee in anticipation of a suit or occurrence of liabilities; (3) close relationship between the transferor and the nominee; (4) failure to record conveyance; (5) retention of possession by the transferor; and (6) continued enjoyment by the transferor of benefits of the property.

*Fourth Inv. LP*, 720 F.3d at 1067.

Here, the analysis is bolstered by the Groesbeck Estate's admission that the Subject Properties were fraudulently transferred from Groesbeck to the Profit Sharing Plan, the

ORDER – 5

Family Trust, and Genesis Ltd. Dkt. # 54, ¶ 4. Therefore, Groesbeck, and now Groesbeck Estate, holds title to the Subject Properties. *Id.*, ¶ 5. Nonetheless, the complaint's allegations sufficiently support finding that the entities are nominees of Groesbeck. The multiple transfers of the Subject Properties between Groesbeck and the entities involved no consideration or, in one case, $1. Dkt. # 1, ¶¶ 12-14, 17-20, 23-24. It is also alleged that Groesbeck established each of the entities and exercised control over them. *Id.*, ¶¶ 8, 9, 10, 46. Groesbeck, and later Silvia Lee, maintained possession and continued to enjoy the benefits of the Subject Properties. *Id.*, ¶¶ 21, 35, 41.

Accordingly, the merits of the United States' claims and sufficiency of the complaint weigh in favor of entry of default judgment. The prejudice factor likewise favors the entry of default judgment. If the Court does not enter default judgment against the against the Profit Sharing Plan, the Family Trust, and Genesis Ltd., the United States will not be unable to sell the Subject Properties with clear title to satisfy the Groesbeck Estate's federal tax liability.

**B.    Sum of Money at Stake**

The United States seeks declaratory relief rather than monetary damages. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *Eitel*, 782 F.2d at 1472. Since no money damages are involved, this factor weighs in favor of granting default judgment.

**C.    Possibility of Dispute as to Material Facts and Excusable Neglect**

When default has been entered, the court must take the plaintiff's factual allegations as true except those concerning damages. *Curtis*, 33 F. Supp. 3d at 1212. This *Eitel* factor considers the possibility any material facts in dispute. *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.,* 290 F. Supp. 3d 923, 947 (N.D. Cal. 2017). In assessing this factor, courts examine whether a defendant would be able to dispute material facts if it had appeared in the lawsuit. *Id.* Here, the Court finds that the evidence presented by United States demonstrates the unlikelihood of material facts in dispute. Moreover, it is unlikely

ORDER – 6

that that Defendants' absence in this action is due to excusable neglect. Accordingly, this factor weighs in favor of default judgment.

### D. Strong Policy Favors Decisions on the Merits

This *Eitel* factor requires the Court to weigh whether default judgment is appropriate in light of the policy favoring decisions on the merits. *Eitel, 782 F.2d at 1472*; *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *5. Where, as here, a party fails to defend on the merits of a claim, entry of default judgment is generally an appropriate remedy. *Elektra Entm't Grp. Inc.,* 226 F.R.D. at 392. However, this *Eitel* factor alone is not dispositive. *Microsoft Corp.*, 2009 WL 959219, at *3; *also see Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412, at *5 (W.D. Wash. 2014) ("[T]his factor almost always weighs against default judgment even when a decision on the merits is unlikely, but the factor alone does not prevent the court from granting default judgment"). Because Defendants have failed to appear or respond in this action, a decision on the matters appears unlikely. Therefore, this weighs in favor of granting default judgment.

### E. Summary of *Eitel* factors

In reviewing the United States' motion in light of the *Eitel* factors, the Court finds granting default judgment is appropriate.

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS** the United States' motion for default judgment.

DATED this 9th day of October, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7